a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANTONIO BOYD #488990,                             CIVIL DOCKET NO. 1:22-CV-00529
Plaintiff                                                                              SEC P

VERSUS                                                                         JUDGE DRELL

MARCUS MYERS,                              MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by pro se Petitioner Antonio Boyd ("Boyd").   Boyd is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Boyd challenges his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because Boyd's Petition is untimely, it should be  DENIED and DISMISSED.

I.      Background

On October 13, 2017, Boyd pleaded guilty to attempted first-degree murder and racketeering, and was sentenced to 50 years of imprisonment.  ECF No. 1 at 1. Boyd alleges that he filed an application for post-conviction relief on October 11, 2019, which was denied on April 19, 2020.  ECF No. 12 at 2.  His writ applications were denied by the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court.  *State v. Boyd*, 2021-01556, p. 1 (La. 1/19/22); 330 So.3d 1075.

II.    Law and Analysis

A.    Boyd's Petition is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).   This is such a pleading.

B.    Boyd's Petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court.  The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limitations period.  *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the limitations

2

period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Boyd did not appeal, and it is unclear whether he waived that right.  If Boyd waived his right to appeal, his conviction became final on October 13, 2017.  ECF No. 1 at 1.  If Boyd did not waive the right to appeal, his conviction became final on November 13, 2017, when the time to appeal expired.  *See* 28 U.S.C. § 2244(d)(1)(A); La. C.Cr.P. art. 914(b)(1).  Even assuming the later, more favorable finality date of November 13, 2017, Boyd's Petition is untimely.

Boyd's application for post-conviction relief was not filed until October 11, 2019 (ECF No. 12), almost two years from the date his conviction became final.  Thus, even though his post-conviction application was timely filed under Louisiana law, his § 2254 Petition is untimely under federal law.[1]  Therefore, Boyd receives no benefit from statutory tolling.  *See Villegas*, 184 F.3d at 472.

## C.    Boyd is not entitled to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, none exist in this case.  *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  A petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented

---

[1] Under Louisiana law, a petitioner has two years from the finality of the judgment of conviction within which to file an application for post-conviction relief. La. C. Cr. P. art. 930.8. However, under the AEDPA, a § 2254 habeas petition must be filed within one year of the finality of the judgment of conviction.

timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Boyd proves no extraordinary circumstance that prevented him from timely filing a habeas petition.

### III.    Conclusion

Because Boyd's Petition is untimely and he is not entitled to equitable tolling, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, March 21, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE